UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAZZY INVESTMENTS,

    Plaintiff

v.

CITY OF DEARBORN, et al.,

    Defendants.
_____/

Case No. 2:16-CV-10879
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

# ORDER DENYING DEFENDANTS' MAY 1, 2018 MOTION FOR PROTECTIVE ORDER (DE 53)

Plaintiff filed this civil rights case on March 10, 2016 against the City of Dearborn, its Zoning Board of Appeals (ZBA), and five (5) of the ZBA's Commissioners. (DE 1.) Central to this lawsuit is the ZBA's January 14, 2016 denial of Plaintiff's requested variance, at which Assistant City Attorney William DeBiasi is listed in the publicly available minutes as a "technical advisor," along with what appear to be two non-attorneys (DE 1 ¶¶ 31-33; *see also* DE 1 at 13-19; DE 56-1 at 12, 14.)

Pursuant to the Court's June 1, 2017 scheduling order, witness lists were due on August 1, 2017, and discovery in this case concluded on October 1, 2017. (DE 28.) Plaintiff filed its witness list on August 1, 2017, and it included William DeBiasi. (DE 29 ¶ 5.) Laurie M. Ellerbrake, who is an in-house attorney in the

City of Dearborn's legal department, filed her appearance on Defendants' behalf on July 8, 2016, along with the answer and affirmative defenses. (DEs 15 & 16.) Notably, she has appeared in 157 cases before this Court, according to ECF records, mostly for the City of Dearborn and/or its employees. On April 5, 2018, eight months after he was named on the witness list and two years after this lawsuit was filed, attorney William M. DeBiasi was added as co-counsel of record. (DE 48.)[1] Attorney DeBiasi also currently works in-house for the City of Dearborn, although ECF records indicate that this is only the fourth case in which he has appeared before this Court since 1997. He confirmed at the hearing that there are five more in-house attorneys who work directly for the City of Dearborn, beyond the two who have appeared here, although he claims a particular expertise in zoning matters.

Currently before the Court is Defendants' May 1, 2018 motion for a protective order, as well as the related response and statement of resolved and unresolved issues. (DEs 53, 56 & 60.) Defendants ask the Court to declare that Attorney DeBiasi "may not be called by Plaintiff as a witness for deposition, trial,

---

[1] This is distinct from the July 1, 2016 court-only docket notation adding "William J. DeBiasi." At the motion hearing, William M. DeBiasi clarified that William J. DeBiasi is his father. William M. DeBiasi, whose appearance on the witness list is at issue, even though it is less specifically listed as "William DeBiasi," (*see* DE 28 at 1), will hereinafter be referred to as "Attorney DeBiasi." It is undisputed that the person who attended the ZBA meeting in question was William M. DeBiasi.

or any other purpose regarding this case," and strike his name from Plaintiff's Witness List. (DE 53 at 4.)

Judge Edmunds referred this motion to me for hearing and determination, and a hearing was held on June 1, 2018, at which attorneys Alexander V. Lyzohub and William M. DeBiasi appeared. For the reasons stated from the bench, all of which are incorporated herein by reference as though fully restated herein, Defendants' motion for protective order (DE 53) is **DENIED**. In sum: **(a)** Attorney DeBiasi was a witness to and public participant in the January 14, 2016 ZBA meeting, at which he appears from the public record to have worn the dual hats of "technical advisor" and attorney, and during which he made certain non-privileged statements (which Plaintiff claims to have been erroneous) and upon which the ZBA members may have relied; **(b)** the timing of Attorney DeBiasi's appearance as counsel of record in this case occurred well after Plaintiff listed Attorney DeBiasi as a witness and well after the October 1, 2017 close of discovery; and, **(c)** this is also true of the timing of the instant motion, which, if granted, would prejudice the Plaintiff's ability to prosecute its case, based upon its trial preparation strategy, which has long-assumed that Attorney DeBiasi was available to testify live at trial.

While it is not for this Court to determine what steps Attorney DeBiasi must take in this situation to comply with the Michigan Rules of Professional Conduct,

3

based on the information now available to it, the Court observes that it is questionable whether Attorney DeBiasi "is *likely* to be a *necessary* witness," although it finds that he *may* be a necessary witness. *See* MRPC 3.7(a) (emphases added). The Court further observes that disqualification of Attorney DeBiasi *could*, *prospectively*, "work substantial hardship on the client[,]" in light of his claimed expertise in zoning matters, and, particularly, his co-counsel's potential inability to continue as counsel through trial, due to her impending retirement at year-end or otherwise. MRPC 3.7(a)(3). Nevertheless, should Attorney DeBiasi determine that he ought to withdraw as counsel of record, Defendants are currently represented by experienced co-counsel (Ms. Ellerbrake) and have access to other in-house counsel, should this prove necessary going forward. Moreover, aside from conflicts of interest, both subsections of MRPC 3.7 concern acting as "an advocate" "at" or "in" "a trial[.]" Thus, this rule does not appear to prevent Attorney DeBiasi from merely assisting his fellow attorneys in the courtroom without functioning as a courtroom "advocate," analogous to the role of a case agent in a federal criminal matter, who assists the prosecutor at counsel table despite at some point needing to appear as a witness. Nevertheless, if, as Defendants argue, the City of Dearborn Defendants' defense is "jeopardized" by Attorney DeBiasi's withdrawal, this was a predictable risk when they chose to have him enter his appearance after two years of litigation, despite knowing that he

had long ago been named as a witness.  This is not a case where an opponent named the originally appearing counsel of record as a witness in order to force a withdrawal; rather, the fact that Attorney DeBiasi must now carefully decide whether MRPC 3.7 permits his continued appearance is a quandary of Defendants' own making.

Finally, Plaintiff's request for "costs and reasonable attorney fees so wrongfully suffered[,]" (DE 56 at 6), is **DENIED**.  Assuming this request was based upon Fed. R. Civ. P. 26(c)(3), the Court concludes that "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

**IT IS SO ORDERED.**

Dated: June 5, 2018            s/Anthony P. Patti
                                           Anthony P. Patti
                                           UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on June 5, 2018, electronically and/or by U.S. Mail.

                                             s/Michael Williams
                                             Case Manager for the
                                             Honorable Anthony P. Patti