UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAZZY INVESTMENTS,

    Plaintiff,

v.

CITY OF DEARBORN, ET AL.,

    Defendants.
                                   /

Case No. 16-10879

Honorable Nancy G. Edmunds

**ORDER ACCEPTING MAGISTRATE JUDGE'S ORDER [61] DENYING DEFENDANTS' MAY 1, 2018 MOTION FOR PROTECTIVE ORDER [53]**

This matter comes before the Court on Defendants', the City of Dearborn ("City"), the City of Dearborn's Zoning Board of Appeals ("Zoning Board"), and five of the City of Dearborn Zoning Board of Appeals commissioners, individually and in their official capacity (collectively "Defendants"), Objections (Dkt. 65) to the May 1, 2018 Magistrate Judge's Order (Dkt. 61) denying Defendants' Motion for Protective Order (Dkt. 53). Being fully advised in the premises, having read the pleadings, and for the reasons set forth below, the Court DENIES Defendants' objections, ACCEPTS the Magistrate Judge's order, and DENIES Defendants' Motion for Entry of a Protective Order.

**I.    FACTS**

Plaintiff, Bazzy Investments, LLC, d/b/a Greenfield Manor ("Plaintiff"), filed this civil rights case on March 10, 2016, alleging Defendants deprived Plaintiff of the reasonable use of its land, its due process rights, and its equal protection rights in violation of 42 U.S.C. §1983. Plaintiff assert the civil rights violation occurred when the Zoning Board denied

Plaintiff's application for a zoning variance. The variance hoped to increase the permitted occupant load of Plaintiff's banquet hall despite limited available parking. Plaintiff additionally appeals to this Court, the Zoning Board's denial of Plaintiff's requested parking variance.

On July 8, 2016, Defendants filed their answer to the complaint and listed affirmative defenses. (Dkt. 16.) At the same time, City of Dearborn Attorney Laurie Ellerbrake ("Attorney Ellerbrake") filed her appearance on behalf of all Defendants. (Dkt. 15.) Attorney Ellerbrake has appeared in 157 cases before this Court, primarily representing the City of Dearborn and/or its employees. (Mag. J. Order Denying Protective Order; Dkt. 61, at 2; PgID 482.) She has now been on this matter for two years. In the spring of 2018, she reportedly had a surgery and "was off for a couple of months." (Mag. J. Hearing Trans.; Dkt. 63, at 5; PgID 491.) She also has plans to retire imminently.

The City of Dearborn's legal department includes at least seven in-house attorneys including Attorney Ellerbrake, although most are not trial lawyers. One of those attorneys is Attorney William DeBiasi ("Attorney DeBiasi") who has been employed as Assistant Corporation Counsel with the City of Dearborn since January 2005. (Dkt. 65, at 6; PgID 547.) He is also the lead attorney for the Zoning Board. (Mag. J. Hearing Trans.; Dkt. 63, at 6; PgID 492.) He is listed as an attorney of record only three times since 1997 in federal court, although when the magistrate judge asked whether he practices regularly in state court, her responded affirmatively. Due to his zoning expertise, Attorney DeBiasi attended a public meeting of the Dearborn Zoning Board of Appeals ("Zoning Board") to provide the Zoning Board legal expertise on January 14, 2016. Attorney DeBiasi witnessed and publicly participated in that meeting where Plaintiff's variance application was discussed

and ultimately turned down, resulting in this lawsuit. "One of the key points of that discussion was the legal difference between easements and leases in terms of their relative effectiveness in securing additional parking areas." (Dkt. 65, at 7; PgID 548.) At the meeting Attorney DeBiasi explained that the variance, if approved would run with the land and effect future owners. The parking solution Plaintiff proposed to secure the variance relied on leasing neighboring properties' parking facilities which is a terminable right that does not bind future owners. Attorney DeBiasi also explained an easement is a permanent, recorded interest in land which would bind future owners in the same way the variance would. (*Id.*) The meeting was a public meeting, there is a recording and transcript of exactly what was said there.

In June 2017 this Court issued its scheduling order setting out key dates including the witness lists filed by date, and discovery cutoff date. (Dkt. 28.) In accordance with the Court's scheduling order on August 1, 2017, Plaintiff filed its witness list. The fifth entry on Plaintiff's witness list was Attorney DeBiasi. Two months later, on October 1, 2017, discovery closed. On April 5, 2018, coinciding with Attorney Ellerbrake's surgery, and eight months after he was named on the witness list, two years after the lawsuit was filed, and twenty-one months after Attorney Ellerbrake began her work on the case, Defendants added Attorney DeBiasi as co-counsel of record. (Dkt. 48.) Less than a month later, Defendants filed a motion for a protective order asking the Court to declare that Attorney DeBiasi "may not be called by Plaintiff as a witness for deposition, trial, or any other purpose regarding this case," and to strike his name from Plaintiff's witness list. (Dkt. 53.) Magistrate Judge Patti held a hearing on the motion for protective order on June 1, 2018 and four days later issued his opinion denying Defendants motion (Dkt. 61).

Magistrate Judge Patti explained:(a) Attorney DeBiasi was a witness to and public participant in the January 14, 2016 Zoning Board meeting during which he made non-privileged statements and upon which the Zoning Board may have relied; (b) the timing of Attorney DeBiasi's appearance as co-counsel of record in this case occurred well after Plaintiff listed Attorney DeBiasi as a witness and well after the close of discovery; and (c) if granted this motion would prejudice the Plaintiff's ability to prosecute its case, which long-assumed that Attorney DeBiasi was available to testify live at trial. (Dkt. 61, at 3; PgID 483.)

Defendants filed two timely objections on June 13, 2018 to Magistrate Judge Patti's opinion. (Dkt. 65.) Defendants' first objection asserts Magistrate Judge Patti erroneously based his ruling in part on a reference to Attorney DeBiasi at a "Technical Advisor" in the minutes of the January 14, 2016 Zoning Board meeting. Defendants assert that Attorney DeBiasi was at all times during that meeting acting exclusively as the city attorney for the Zoning Board and his participation in the discussion was primarily to provide legal clarifications. (Dkt. 65, at 9; PgID 550.) Defendants' second objection argues the magistrate judge erred in assuming that Attorney DeBiasi was postured the same as non-attorney witnesses and erred in the argument Attorney DeBiasi is a "necessary" witness when numerous other witnesses were present at the public meeting and could supply the desired testimony. Plaintiff filed a response (Dkt. 66) to Defendants' objections.

## II.  STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A),

4

Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1984) (explaining clearly erroneous standard under Rule 52(a)).

The "clearly erroneous" standard applies only to the magistrate judge's factual findings. *Visteon Global Techs. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (Borman, J.) (citations omitted). If two or more permissible views of the evidence exists, a magistrate judge's decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N.*, 470 U.S. 564, 573-74 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit has noted that "[t]he question is not whether the finding is the best or only conclusion that can be drawn form the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

The magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Visteon Global Techs.*, 903 F. Supp. 2d at 524-25 (citations omitted). "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Robinson v. Allstate Ins. Co.*, No. 09-10341, 2011 WL 3111947, at *2 (E.D. Mich. July 26, 2011) (Roberts, J.) (citation omitted). The Court must use independent judgment when reviewing a magistrate judge's legal conclusions. *Id.*

## III. ANALYSIS

1. Federal Rule of Civil Procedure 26(c)

Federal Rule of Civil Procedure 26(c) Protective Order provides "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . .The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c). This Rule confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"The burden of establishing good cause for a protective order rests with the movant. To show good cause, a movant for a protective order must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (internal quotation marks and citations omitted). The movant must show that specific prejudice or harm will result if no protective order is granted. *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1357-58 (Fed.Cir. 2011) (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

Defendants fail to articulate clearly defined and serious injury or specific prejudice or harm that will come from Attorney DeBiasi testifying. Implicit in Defendants' motion is that should Attorney DeBiasi need to testify he will not be able to serve as trial counsel for Defendants. Attorney DeBiasi however was not intending to serve as trial counsel a few months ago. Based on Attorney Ellerbrake's impending retirement, Attorney DeBiasi asserts he is now the best positioned to take over in her place. "At this point we're so far

along in the proceedings that to have anybody else try to step in is, would be extremely burdensome." (Trans. Mot. Hearing; Dkt. 63, at 10; PgID 496.)

Defendants' Motion for the protective order argues "[b]y naming Attorney DeBiasi as a witness, Plaintiff has created a situation in which there is a potential for invasion of the attorney-client privilege, as well as a conflict under Michigan Rules of Professional Conduct 3.7, which prohibits an attorney from acting as an advocate at a trial where he/she is likely to be a necessary witness. (Def. Mot. for Protective Order; Dkt. 53, at 11-12; PgID 304-05.) However, in this, Defendants have the order of events backwards. Despite what Defendants assert, Plaintiff did not create this situation. Defendants instigated the situation when their counsel retired and they chose Attorney DeBiasi, someone already on the witness list to take over. Defendants cannot first create a situation of potential conflict and within a month claim that it is causing them injury.

2. Michigan Rule of Professional Conduct 3.7

The Court is generally guided by the Michigan Rules of Professional Responsibility (MRPC) in assessing whether ethical standards may be violated. *City of Kalamazoo v. Michigan Disposal Serv. Corp.*, 125 F. Supp. 2d 219, 231 (W.D. Mich. 2000).

The Michigan Rule of Professional Conduct 3.7 states: (a) A lawyer shall not *act as an advocate at a trial* in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client. MRPC 3.7 (emphasis added).

If Attorney DeBiasi testifies as a witness, he will run contrary to Michigan Rule of Professional Conduct (MRPC) 3.7(a), which precludes an attorney from acting "as

advocate at a trial in which the lawyer is likely to be a necessary witness." However as the magistrate judge points out MRPC concerns acting as an advocate at or in a trial. It will not prevent Attorney DeBiasi from assisting fellow trial attorneys, providing his zoning expertise and advice to Defendants. (Dkt. 61, at 4; PgID 484.)

Defendants have not met their initial burden under Federal Rule of Civil Procedure 26(c) of showing good cause for their requested protective order. Defendants fail to show serious injury or specific harm, not of their own making. Under this Court's broad discretion, a protective order is not appropriate.

3. Defendants' Objections

Regarding Defendants specific objections Defendants first object that the magistrate judge mentions Attorney DeBiasi as having "worn the duel hats of 'technical advisor' and attorney." (Dkt. 61, at 3; PgID 483.) Defendants argue the title "technical advisor" is a misnomer, incorrectly included in the meeting minutes, and relied on by the magistrate judge, which obfuscates the fact that Attorney DeBiasi acted as the attorney for the duration of his public comments at the Zoning Board meeting. Attorney DeBiasi states in his affidavit he has "no information whatsoever regarding any relevant issue in this case which [he has] not obtained through the course of [his] legal representation of the City of Dearborn." (Dkt. 53-3, at 3; PgID 313.)

Magistrate Judge Patti's opinion mentions the "technical advisor" title for Attorney DeBiasi once, regarding specifically his participation in the January 14, 2016 public Zoning Board meeting. Magistrate Judge Patti does not use that title as the basis for determining Attorney DeBiasi may remain on the witness list. Instead he states that Attorney DeBiasi "made certain non-privileged statements (which Plaintiff claims to have been erroneous)

8

and upon which the [Zonging Board] members may have relied."  (Dkt. 61, at 3; PgID 483.) The fact that Attorney DeBiasi's public comments were non-privileged is the actual basis for Magistrate Judge Patti's determination that in technical terms Attorney DeBiasi is allowed to testify as to what he publically stated at the Zoning Board meeting.

Defendants' second objection is that Magistrate Judge Patti erred in assigning Attorney DeBiasi the status of "necessary" witness and in a similar posture as non-attorney witnesses.  The magistrate judge however did not determine Attorney DeBiasi is a necessary witness.  The magistrate judge's opinion states "it is questionable whether Attorney DeBiasi 'is likely to be a necessary witness,' although it finds that he may be a necessary witness." (Dkt. 61, at 4; PgID 484.)  If it were Plaintiff who needed to prove why Attorney DeBiasi should testify, then Plaintiff would have to demonstrate what made Attorney DeBiasi's testimony necessary.  Here however, Plaintiff does not hold that burden. Attorney DeBiasi was on the witness list for eight months before electing to become an attorney of record.  Instead, it is Defendants who have the burden of establishing they will be unreasonably prejudiced if Attorney DeBiasi is unable to act as their trial counsel. Defendants have failed to meet that burden.

## IV.  CONCLUSION

For the reasons stated above, Defendants objections to the magistrate judge's order denying Defendants' May 1, 2018 motion for a protective order is denied.  The Court ACCEPTS the Magistrate Judge's order, and DENIES Defendants' Motion for Entry of a Protective Order.

SO ORDERED.

                <u>s/Nancy G. Edmunds</u>
                Nancy G. Edmunds
                United States District Judge

Dated: August 2, 2018

    I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2018, by electronic and/or ordinary mail.

                <u>s/Lisa Bartlett</u>
                Case Manager